UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGINIA JOHNSON, THOMAS MATTHEWS, and PRISCILLA GUIDRY, on behalf of themselves and all others similarly situated, | Case No. |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| vs. | |
| HEALTHWORKS AGENCY, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs Virginia Johnson, Thomas Matthews, and Priscilla Guidry ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following on information and belief against Healthworks Agency, LLC ("Healthworks" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") for unsolicited telemarketing calls made by or on behalf of Defendant. Plaintiffs, individually, and for Class Members, seek an injunction and an award of statutory damages to Class Members under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this District and because the wrongful conduct giving

rise to this case occurred in, was directed to, and/or emanated from this District.

**PARTIES**

4. Plaintiff Virginia Johnson, at all times mentioned herein, has resided in and has been a citizen of the State of Arkansas.

5. Plaintiff Thomas Matthews, at all times mentioned herein, has resided in and has been a citizen of the State of Virginia.

6. Plaintiff Priscilla Guidry, at all times mentioned herein, has resided in and has been a citizen of the State of Louisiana.

7. Defendant Healthworks Agency, LLC is a limited liability company organized under the laws of Illinois, with a principal place of business at 303 E. Wacker Drive, Suite 2840, Chicago, IL 60601. Defendant conducts business in this District and throughout the United States.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. Plaintiff Johnson's residential phone number has been registered with the National Do-Not-Call Registry since January 7, 2007. Defendant and/or one of Defendant's agents made two telemarketing calls to Plaintiff Johnson on her residential cellular telephone from the number (530) 314-4406 on March 23, 2022. Each of the calls were made using an autodialer without Plaintiff Johnson's prior express consent. After answering the phone, a live agent eventually appeared on the line who proceeded to try to sell Plaintiff Johnson health insurance policies.

9. Plaintiff Matthews' residential phone number has been registered with the National Do-Not-Call Registry since August 31, 2021. Defendant and/or one of Defendant's agents called Plaintiff Matthews on his residential cellular telephone from the number (540) 558-

7291 on March 25, 2022 for the purposes of selling health insurance policies. Plaintiff Matthews told Defendant that he was not interested. Soon thereafter, Defendant called Plaintiff Matthews a second time on his residential cellular telephone number from the number (540) 538-5903. Defendant placed these calls using an autodialer without Plaintiffs' prior consent for the purposes of selling health insurance policies.

10. Plaintiff Guidry's residential phone number has been registered with the National Do-Not-Call Registry since March 22, 2022. Defendant and/or one of Defendant's agents called Plaintiff Guidry on her cellular telephone multiple times from the numbers (337) 315-7455 and (337) 336-5613 for the purposes of selling health insurance more than 31 days after her phone number was listed on the National Do-Not-Call Registry. Defendant and/or one of Defendant's agents placed these calls using an automated system for the selection or dialing of telephone numbers without Plaintiffs' prior consent.

11. Prior to the calls at issue in this action, Plaintiffs had not had any contact with Defendant nor used any of Defendant's services. They have never consented in writing, or otherwise, to receive telemarketing calls from Defendant.

12. All of the unsolicited telemarketing calls at issue were made by Defendant or on behalf of Defendant for the purposes of selling health insurance policies. Defendant knowingly made (and continues to make) unsolicited telemarketing calls to the telephones of Plaintiffs and other consumers without the prior express written consent of the call recipients.

13. In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA. Such calls are also harassing and a nuisance for Plaintiffs and putative class members.

## CLASS ACTION ALLEGATIONS

14. Plaintiffs brings this action on behalf of themselves, and all other persons similarly situated.

15. **Class Definition**: Plaintiffs bring this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and a class defined as all persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry (the "Class").

16. Plaintiffs represent, and are members of, the proposed Class. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

17. **Numerosity.** Plaintiffs do not know the exact number of members in the proposed Class, but reasonably believe, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

18. **Existence and predominance of common questions of law and fact.** Plaintiffs and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

19. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

20. The proposed Class can be identified easily through records maintained by Defendant.

21. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiffs and class members without their prior express consent;

   b. Whether Defendant made two or more telemarketing telephone calls within a 12-month period to Plaintiffs and class members 31 or more days after those phone numbers were listed on the national do not call registry;

   c. Whether Defendant's conduct was knowing and/or willful;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

22. **Typicality.** Plaintiffs assert claims that are typical of each member of the Class because they are all persons who received autodialed telemarketing calls on their telephones without their prior express written consent, their phone numbers are listed on the national do not call registry, and they received 2 or more calls 31 or more days after their phone numbers were listed on the national do not call registry. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class and have no interests which are antagonistic to any member of the proposed Class.

4

23. **Adequacy of Representation.** Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class, and have no interests which are antagonistic to any member of the proposed Class.

24. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

25. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

26. Classwide relief is essential to compel Defendant to comply with the TCPA.

27. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

28. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

30. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.***

31. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as

if fully stated herein. Plaintiffs bring this claim individually and on behalf of the Class against Defendant.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

34. Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

35. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

36. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiffs bring this claim individually and on behalf of the Class against Defendant.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiffs and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiffs seeks for themselves and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firm representing Plaintiffs as counsel for the Class;

f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: September 15, 2022

Respectfully submitted,

By: */s/ Yitzchak Kopel*
Yitzchak Kopel

**BURSOR & FISHER, P.A**
Yitzchak Kopel
888 Seventh Ave.
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: ykopel@bursor.com

*Attorney for Plaintiff*